Herminio Ríos, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

Núm. 980.—*Sometido:* Noviembre 2, 1936. *Resuelto:* Noviembre 20, 1936.

*Antonio L. López,* abogado d'el recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal

██ Herminio Ríos presentó en el Registro de la Propiedad de Caguas copia certificada de un testamento otorgado por Julia Ramírez Jiménez. De acuerdo con este testamento, la Sra. Ramírez lega al recurrente una casa terrera, de madera, número 34, con techo de zinc, situada en la calle de Padilla el Caribe. Presentóse además cierto recibo que según el recurrente acredita el pago de la contribución de herencia y cumple con los requisitos exigidos por la ley para la inscripción de la finca a su favor. Negóse el Registrador a practicar la inscripción solicitada por no haberse presentado "el correspondiente recibo expedido por el Tesorero de Puerto Rico creditivo de haberse liquidado y pagado la contribución sobre la herencia, de acuerdo con el artículo 12 de la Ley 99, aprobada en 29 de agosto de 1925."

Alega el recurrente que el Tesorero de Puerto Rico no percibe suma alguna de los ingresos del Tesoro Insular, los cuales son recibidos en su nombre por los colectores de rentas internas, actuando en su representación. Arguye que

los recibos de las contribuciones sobre la propiedad expedidos por los colectores prueban el pago de dichas contribuciones y que habiendo sido éstas debidamente satisfechas, ha debido inscribirse el inmueble a su favor. El recurrente presentó al Registrador un documento en el cual se acredita que la contribución de herencia fué fijada en $27. El colector de rentas internas de Caguas hace constar que esta suma fué satisfecha por el recurrente Herminio Ríos. Entiende el Registrador que .éste es un recibo provisional que no cumple con los requisitos exigidos por la ley para que pueda inscribirse la finca a nombre del recurrente.

De acuerdo con el artículo 11 de la ley (núm. 99) para modificar y ampliar la contribución sobre trasmisión de bienes por herencia y para otros fines, aprobada· en 1925 (·pág. 791), será obligación del Tesorero de Puerto Rico expedir recibos especiales por triplicado al administrador, albacea, fideicomisario o persona que administre bienes sujetos a la referida contribución, y de acuerdo con el artículo 12 de dicha ley, enmendada por la Legislatura en 1933 (Ley núm. 20, Leyes de 1932–1933, pág. 233), ningún tribunal aprobará la división o distribución de los bienes de ningún fallecido, ni permitirá la liquidación final de las cuentas de ningún albacea, administrador, fideicomisario o persona que administre cualesquiera bienes, a menos de haberse presentado y expedido el recibo o los recibos especiales que prescribe el artículo 11 anteriormente citado, y ningún registrador inscribirá en ningún registro a su cargo instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o emitido en relación con la división, distribución o entrega de dichos bienes, a menos de haberse presentado el recibo o recibos expedidos por el Tesorero. Claramente se ve que los recibos exigidos por el artículo 11 son recibos especiales que deben expedirse por triplicado y que deben estar autorizados por el Tesorero de Puerto Rico. El recibo presentado por el recurrente es un recibo provisional, otorgado por el

colector de rentas internas, y no el recibo definitivo exigido por la ley, que debe expedir el Tesorero. Hasta que no se haya expedido este recibo, el Registrador no está obligado a practicar la inscripción.

*Debe confirmarse la nota recurrida.*

El Juez Presidente Señor del Toro no intervino.